IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-160-JHP |
| | ) | |
| DEMARIO TERREL HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter comes before the Court pursuant to an Information filed by the

United States Attorney on March 25, 2005 in accordance with 21 U.S.C. § 851.  On

April 20, 2005, following a jury trial herein, the defendant was found guilty of Count

I: Possession with intent to distribute a controlled substance and Count III: Felon in

possession of a firearm.  Thereafter, on July 27, 2005, the defendant filed a Response

to the Information.  Pursuant to 21 U.S.C. § 851(c)(1), a hearing was held on October

14, 2005, to determine whether or not the defendant had previously been convicted

of two or more felony drug offenses.  On October 24, 2005, the government filed a

brief in support of the sentencing allegations recapping the testimony and urging this

Court to find that they have proven that the defendant has at least two prior felony

convictions of a controlled substance offense and is, therefore, a career criminal in

accordance with the provisions of United States Sentencing Guidelines § 4B1.1.  On

October 26, 2005, the defendant submitted a brief urging this Court to find the

sentencing enhancement contained in 21 U.S.C.§ 851 does not apply.  Specifically,

defendant contends that the government did not meet its burden of proving two prior

felony drug convictions beyond a reasonable doubt.  In support of this argument,

defendant asserts 1) the fact there were two different social security numbers on the

plea forms filled out in Tulsa County District Court, as well as the insufficiency of the

testimony of the fingerprint examiner raises a doubt that the defendant is the same

person as the one charged in the two prior convictions; and 2) the lack of a proper

factual basis on the plea form in Tulsa County District Court Case No. CF-1999-2140

raises a question as to the validity of the conviction.  Further, the defendant asserts

the holdings of *Shepard v. United States*, 125 S.Ct. 1254 (2005) and *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000), require a determination of whether the convictions

qualify as "serious drug offenses" for enhancement purposes to be proven to a jury

beyond a reasonable doubt.  Alternatively, the defendant asserts the enhancement is

unconstitutional because it violates his Sixth Amendment right to have the prior

convictions proven to a jury beyond a reasonable doubt.

## **FINDINGS OF FACT**

Based upon the testimony, evidence and record herein, this Court makes the following findings of fact:

1.  On October 5, 2004, a three-count indictment was filed charging the defendant with Count I: Possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); Count II: Possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(2); and Count III: Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

2.  On March 25, 2005, the government, pursuant to 21 U.S.C. § 851(a)(1), filed an Information alleging the defendant had two prior felony drug convictions.

3.  On April 20, 2005, at the conclusion of a jury trial, the defendant was found guilty on Counts One and Three.  As to Count One, the jury found, beyond a reasonable doubt, the offense involved in excess of fifty grams of a mixture or substance containing a detectable amount of cocaine base.  The Court granted defendant's motion for judgment of acquittal as to Count Two.

4.  On July 27, 2005, the defendant filed a Response to the Information alleging, for the first time, that one of the alleged prior convictions was invalid because it was obtained in violation of the Constitution of the United States.

3

5. On October 14, 2005, this Court held a hearing to determine the issues raised by the defendant.  At said hearing, the government introduced the Information filed herein on March 25, 2005 (Govt. Exh. 1); Stipulation #1 entered into by the parties during the jury trial, which stated: "The parties hereby stipulate and agree that at all times relevant to the offense alleged in the Indictment in this case, the defendant in this case, Demario Terrel Harris, is one and the same person who had been previously convicted in a court of crimes punishable by imprisonment for a term exceeding one year." (Govt. Exh. 2); a certified copy of a "Judgment and Sentence - All Time in Custody Felony" in Tulsa County District Court Case No. CF-99-2140 for Unlawful Possession of Controlled Drug with intent to distribute/Felony (Govt. Exh. 3); a certified copy of a "Judgment and Sentence All Time in Custody Felony meanor" in Tulsa County District Court Case No. CF-2000-258 for Unlawful Possession of Marijuana with intent to Distribute, AFCF (Govt. Exh. 4).

6. Next, the government called Mr. Paul Lloyd, a probation and parole officer for the Oklahoma Department of Corrections.  Mr. Lloyd testified he was assigned to supervise the Defendant, Demario Terrel Harris in 2000.  Mr. Lloyd identified the defendant in court as the person whom he supervised in Tulsa County District Court Case Numbers CF-00-258 and CF-99-2140.  Additionally, Mr. Lloyd testified that he prepared a Pen-Pak for the defendant which contained information

necessary to properly identify a person in criminal proceedings including certified copies of judgments and sentences, fingerprints and parole documents.

7.   During cross-examination of Mr. Lloyd, the defendant introduced four exhibits, to-wit: an "Order Revoking Suspended Sentence Felony" filed in Tulsa County District Court Case No. CF-99-2140 for Possession of a Controlled Drug with intent to Distribute (Deft. Exh. 1); a "Judgment and Sentence All Time Suspended Felony/MODIFIED" filed in Tulsa County District Court Case No. CF-99-2140 on February 3, 2000 for Possession of a Controlled Drug (Deft. Exh. 2); an "Order granting modification of sentence after hearing" filed in Tulsa County District Court Case Nos. 99-2140 and CF-99-1186 on December 23, 1999 (Deft. Exh. 3); "Findings of Fact-Acceptance of Plea" filed in Tulsa County District Court Case No. CF-99-2140 on September 20, 1999 (Deft. Exh. 4); and "Findings of Fact-Acceptance of Plea" filed in Tulsa County District Court Case No. CF-00-258 on March 2, 2001 (Deft. Exh. 5).

8.   Mr. Bob Yerton, a fingerprint expert employed by the Tulsa Police Department forensic laboratory, testified he compared a latent fingerprint recovered from the barrel of one of the firearms involved in this case with the known fingerprints of the Defendant, Demario Terrel Harris, contained in the State of Oklahoma Pen-Pak bearing the name Demario Terrel Harris which included four

documents containing known fingerprints from arrest and booking records of the Tulsa Police Department, the David L. Moss Correction Facility and the Tulsa County Sheriff's Department (Govt. Exh. 6) and, in his opinion, the latent fingerprint belonged to the Defendant, Demario Terrel Harris.  A written report by Yerton was introduced as Govt. Exh. 5.

9.  Even though the social security numbers on Government's Exhibit Nos. 3 and 4 and on Defendant Exhibit Nos. 1, 4 and 5 are different, the exhibits as introduced clearly establish, beyond a reasonable doubt, the defendant, Demario Terrel Harris, has previously been convicted of two prior felony drug offenses. Further, the fact the state court ran these court cases concurrently establishes they related to the same individual.

## CONCLUSIONS OF LAW

1.  Title 21 U.S.C. § 841(b) provides an enhanced penalty for any person who commits a violation of § 841 "after two or more prior convictions for a *felony drug offense have become final*."  Specifically, the statute requires the Court to sentence such a person to a mandatory term of life imprisonment without release.

2.  A "felony drug offense" is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to

narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

The definition does not contain any language excluding state felonies for simple

possession. *United States v. Hansley*, 54 F.3d 709, 718 (11th Cir. 1995) and *United*

*States v. Sandle*, 123 F.3d 809, 812 (5th Cir. 1997).

3.  Although not directly on point, *Shepard v. United States*, 125 S.Ct. 1254

(2005) provides some insight to this Court regarding what documents a sentencing

court should consider in determining the character of a prior conviction.  Specifically,

in interpreting 18 U.S.C. § 924(e) - the Armed Career Criminal Act, the Court in

*Shepard* held that "a later court determining the character of an admitted burglary is

generally limited to examining the statutory definition, charging document, written

plea agreement, transcript of plea colloguy, and any explicit factual finding by the trial

judge to which the defendant assented."  In this case, both the documents submitted

by the government and by the defendant establish the two prior drug convictions of

the defendant were "felony drug" convictions and that those convictions were "final"

at the time the defendant committed the instant § 841 offense.

4.  Defendant now challenges the validity of the conviction in Case No. CF-99-

2140 arguing that the plea form does not support the factual basis for the offense of

Possession with intent to distribute, but "merely states the defendant possessed

marijuana." While the factual basis contained on the plea form itself may not support

a finding of intent to distribute, Oklahoma law makes it a felony to possess cocaine. 63 O.S. § 2-402.  The factual basis clearly established that the defendant possessed cocaine without a prescription and the defendant was sentenced to 4 years and 8 months for this offense.  Accordingly, the defendant has failed to establish, by a preponderance of the evidence, that this conviction is invalid.  Furthermore, the defendant has not articulated how the conviction was obtained in violation of the Constitution of the United States.  See, 21 U.S.C. § 851(c)(2).

5.  Although the defendant implies that he could still challenge the underlying conviction in CF-99-2140, because the statute of limitations period had not expired at the time the information was filed herein, he has not, to date, successfully challenged said conviction and he has not alleged that there is no available State remedies to challenge this conviction.   Accordingly, this Court finds the Tulsa County convictions are, at this time, valid final convictions entitled to full faith and credit in this court.

6.  Prior convictions are not facts which need to be proven to a jury.  *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005).  Thus, the defendant's Sixth Amendment rights are not violated by enhancement of the defendant's sentence pursuant to 21 U.S.C. §§ 841(b) and 851.

7.  Since the defendant's sentences in Tulsa County District Court Case Nos. CF-99-2140 and CF-00-258 were "final" sentences for "felony drug offenses" at the time the defendant committed the offenses in this case on December 9, 2003, this Court finds the mandatory minimum sentence is equivalent to the statutory maximum sentence, to-wit: life imprisonment.  This statutory minimum punishment applies regardless of whether or not the defendant is deemed a Career Criminal under § 4B1.1 of the Sentencing Guidelines.

Accordingly, the defendant's request for this Court to impose a sentence without applying the sentencing enhancements contained in 21 U.S.C. § 841(b) is hereby overruled.

It is so ordered on this 28th day of November, 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma