# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| )  | |
| Plaintiff/Respondent,   ) | |
| ) | |
| vs.          ) | Case Nos.  04-CR-160-JHP |
| )  | 08-CV-327-JHP |
| ) | |
| DEMARIO TERREL HARRIS,   ) | |
| ) | |
| Defendant/Petitioner.   ) | |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the United States Penitentiary in Tucson, Arizona. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No.04-CR-160-JHP, is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. 04-CR-160-JHP. The records reflect Petitioner was named in a three-count Indictment on October 5, 2004, charging him with Count I, Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Count II, Possession of a Firearm in

Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I); and Count III, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).  Additionally, on March 25, 2005, the government filed an information under 21 U.S.C. § 851(a)(1), notifying defendant/petitioner and the Court of the government's intent to use Harris' prior felony convictions to enhance his sentence.  Dkt. 51.  On April 18, 2005, a jury trial was commenced and on April 20, 2005, the Court granted defendant's motion for judgment of acquittal as to Count II and the jury returned their verdicts finding defendant/petitioner guilty on Counts I and III.

On November 28, 2005, Petitioner was sentenced to Life on Count I and 120 months on Count III, said counts to run concurrently each with the other and consecutively with the sentence imposed in Tulsa County District Court Case Number CF-00-258.  Additionally, upon release from imprisonment Petitioner was ordered to serve ten years supervised release on Count I and three years supervised release on Count III, said counts to run concurrently.  Further, Petitioner was ordered to pay a $100 special assessment on each of the two counts, for a total assessment of $200, and a $5,000 fine.  The judgment and commitment was filed of record on December 14, 2005.

Following his conviction, Petitioner filed a direct appeal and on January 31, 2007, his conviction was affirmed. *United States v. Harris*, 223 Fed.Appx. 747 (10th Cir. 2007), *cert. denied*, — U.S. —, 127 S.Ct. 2927, 168 L.Ed.2d 255 (2007). On June 2, 2008, Petitioner filed a motion to vacate. Thereafter, on June 20, 2008, Petitioner filed his first amended motion to vacate. On August 1, 2008, the Government filed its response. Thereafter, on November 3, 2008, this Court originally entered an order in this matter.

On November 20, 2008, however, Petitioner filed a Motion to Reconsider in which Petitioner asserted he had filed a brief in support of his Amended Motion to Vacate which had not been considered by this Court. Out of an abundance of caution and since Petitioner's Brief was filed after the Government had responded to Petitioner's Amended Motion, this Court withdrew the November 3rd Order and ordered "the Government to file an amended response to Petitioner's Amended Motion to Vacate addressing all of the issues raised and/or addressed in Petitioner's Amended Motion to Vacate (Dkt. No. 116) and Memorandum of Law in Support thereof (Dkt. No. 126). . . . . . ." (Dkt. No. 137). On March 27, 2009, the Government filed their Amended Response and on May 1, 2009, Petitioner filed his Reply.

Petitioner's First Amended Motion asserts Petitioner received ineffective assistance of trial and appellate counsel. A claim of ineffective assistance of counsel

is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been

"completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In his first ground for relief, Petitioner asserts his trial counsel did not investigate and/or run independent analysis on the seized controlled substances and he failed to file a motion to suppress all of the bags of drugs which were not independently tested and returned "positive" for detectable amount(s) of cocaine. Further, Petitioner argues his appellate counsel was ineffective for failing to raise this issue on appeal. To support this claim, Petitioner alleges "21 bags were not tested for cocaine; moreover, erroneous weight was contributed in drug quantity: Total Pre-Weight - 66.38 grams; Post-Weight - 72.18 grams." Petitioner does no, however, allege any facts to support these conclusory allegations. In response, the Government submitted an affidavit from trial counsel, Stanley D. Monroe, in which counsel indicates that in his professional judgment there was no basis to conclude or suspect that the bags of untested substances did not contain controlled substances. Furthermore, in light of the defense at trial, that the government had failed to prove that the defendant was ever in possession of these bags, Petitioner has failed to establish how such independent testing would have assisted in his defense.

5

Additionally, Petitioner has not submitted any facts to establish that the forensic scientist's testimony was incorrect or that another chemist would have reached a different conclusion. Further, Petitioner has also failed to establish any facts that would convince this Court that the jury would have reached a different result had counsel hired an independent expert to retest the bags which had been tested and to test all of the untested bags.

In his Brief, Petitioner also asserts counsel was ineffective for failing to challenge the drug quantity for purposes of sentencing claiming that the total drug amount included packaging. A review of the presentence report, however, establishes that the defendant's sentence was based upon the fact he was a career offender as opposed to the quantity of drugs possessed. *See*, paragraph 23 of presentence report. Thus, counsel was not ineffective for failing to challenge the drug quantity for purposes of sentencing. Therefore, this Court finds Petitioner has failed to establish prejudice. Accordingly, this claim is denied.

In his second ground for relief, Petitioner attacks counsel's failure to call an exculpatory witness and asserts appellate counsel was ineffective for failing to raise this issue. Petitioner indicates in his Brief that the exculpatory witness who should have been called was Sharon Ashe, his state court trial attorney. Petitioner does not, however, offer anything other than conclusory allegations to support this claim.

Furthermore, according to the affidavit submitted by trial counsel Monroe, counsel filed a motion for disclosure of confidential informant based upon conversations he had with Ms. Ashe and he obtained funding for an independent experienced investigator to pursue all leads that he obtained from Ms. Ashe. *See also*, Dkt. No. 15 in criminal case. Thus, Petitioner's allegations that trial counsel Monroe failed to investigate and therefore was unaware of what Ms. Ashe would say is simply not true. More importantly, this Court finds that Petitioner has failed to show that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the proceeding would have been different. Thus, Petitioner has failed to establish prejudice and, therefore, this claim is denied.

Petitioner's third ground also alleges trial counsel and appellate counsel rendered ineffective assistance. To support this claim, Petitioner says "trial counsel failed to object and/or otherwise notice the court at sentencing that the Special Assessment imposed was not ran currently with both Count(s) One and Three." A review of the records herein reveals that the sentencing court imposed a $100 Special Monetary Assessment on each of Counts One and Three, pursuant to 18 U.S.C. § 3013(a)(2)(A). Because this assessment is mandatory, any objection by counsel would have been overruled. Thus, Petitioner has failed to show how counsel's conduct prejudiced him. Accordingly, this claim is denied.

In his fourth ground for relief, Petitioner alleges trial counsel was ineffective because he didn't file a motion for a *Franks*[1] hearing. In support of this claim, Petitioner argues he "makes a substantial preliminary showing that false statements knowingly and intentionally, or with the reckless disregard for the truth, was (sic) included by the affiant in the search warrant affidavit. . . . ." Yet, Petitioner does not identify any facts within the search warrant affidavit which were false or made with reckless disregard for the truth which should have been utilized by counsel in a request for a *Franks* hearing in the original criminal proceeding. Instead, Petitioner repeatedly asserts that "it's hard to believe" or an "unimaginable coincidence" that certain events occurred in regard to his arrest and the execution of the search warrant. Without specific facts, however, Petitioner's allegations are nothing more than conclusory allegations. Furthermore, even if Petitioner's conclusory allegations were sufficient to establish ineffective assistance of counsel, he has failed to show that there is a reasonable probability that, but for counsel's failure to file a motion for a *Franks*

---

[1] The Supreme Court held in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that a criminal defendant may challenge the factual allegations of an affidavit supporting a search warrant. In order to be entitled to a *Franks* hearing in the initial criminal proceeding, however, a defendant's challenge

> must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of support reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id*., U.S. at 171, S.Ct. at 2684.

8

hearing, the result of the proceeding would have been different. Accordingly, this claim is denied.

Finally, on page 10 of his First Amended Complaint, Petitioner asserts two additional claims of ineffective assistance of counsel, both of which are labeled "Ground [5]." In the first of these, Petitioner alleges the following as factual support

> Counsel failed to conduct an investigation into the disciplinary background of law enforcement officer which, more than probably, would have turned up fruitful information needed for impeachment purposes. Counsel learned via sources of the officer's alleged improprieties conerning (sic) his duty performance; these 'improprieties,' should have been investigated (sic) Counsel and sufficiently developed.

In his Memorandum of Law, Petitioner cites cross-examination in which counsel attempted to ascertain if the Officer Yelton had ever been suspended for making an improper overtime claim. Based upon counsel's statements to the Court that he did not have any specific evidence but was basing his questions upon "courthouse rumor mill," Petitioner argues counsel failed to investigate the background of the officer thereby rendering ineffective assistance of counsel. Petitioner does not, however, provide any evidence to establish that Officer Yelton was, in fact, ever suspended or disciplined for anything. Again, Petitioner arguments are nothing more than conclusory allegations. Accordingly, this Court finds Petitioner has failed to establish prejudice.

In the second ground [5], Petitioner states the following as factual support:

Counsel did not conduct an adequate and efficient (sic) investigation upon the contraband substances for independent defense analysis. Counsel should have requested a comparative sample for independent defense analysis; instead, Counsel relied solely upon the government's version of the outcome of the forensic outcome.

In an affidavit submitted by the government, defense counsel states, based upon his experience including numerous criminal drug cases involving the government's expert witness, "there was no basis to conclude or suspect that the bags of the untested substances did not contain controlled substances." Dkt. No. 143-2, at p. 1. Counsel also indicates he did not seek independent analysis of the substances because his defense was that the defendant was never shown to be in possession of the substances. *Id.*, at pp. 1-2. To the extent counsel relied on defendant's statements, counsel had no reason to question the contents of the bags because independent testing would not have helped his defense. Furthermore, Petitioner does not submit any evidence to establish either that the substances tested or those not independently tested did not contain controlled substances. Accordingly, Petitioner has totally failed to establish prejudice.

For the reasons stated herein, this Court finds Petitioner has failed to establish ineffective assistance of counsel. Accordingly, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

It is so ordered on this 6th day of July, 2009.

                                                  James H. Payne
                                                  United States District Judge
                                                  Northern District of Oklahoma